IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**JEFFERY T. COOK,**

    **Plaintiff,**

v.                                          Case No. 2:07-cv-00763

**HUTTONSVILLE CORRECTIONAL CENTER,**
**HENRY R. ROBINSON, JR.,**
**Deputy Chief of Operations,**
**SOUTHWESTERN REGIONAL JAIL,**
**BECKY DAVIS,**
**PRIME CARE MEDICAL,**
**TOM SCOTT, Administrator,**

    **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

Plaintiff is a sentenced State prisoner who is housed at the Southwestern Regional Jail. On November 27, 2007, Plaintiff filed a document, which the Clerk interpreted as a complaint under 42 U.S.C. § 1983. Because the court could not understand the allegations in the complaint, Plaintiff was required to file an amended complaint. The grounds for relief set forth in the amended complaint (docket # 9) read as follows [spelling corrected]:

> Ground (1). The medical treatment of Mr. Cook and his Dupuytren['s contracture] hand was professionally handled.
>
> Ground (2). Mr. Cook is losing feeling and Mr. Cook is losing finger - Mr. Cook lost control and feeling of hand at HHCF. They were supposed to pay for treatment or take care of the medical situation at Huttonsville Correctional facility.

> Ground (3).  Mr. Cook should be awarded compensation for mental anguish.  Mr. Cook was employed and paid taxes at Huttonsville Corr. facility.  He should have been treated there and was not.   Mr. Cook paid to visit medical facility and was not treated.
>
> Ground (4).  Mr. Cook had to pay $20.00 at Regional Jail to be housed at [] D.O.C. prison.  Regional jails are housing D.O.C. inmates to be housed at Huttonsville.  Mr. Cook is being paid rent.  It is illegal to make Mr. Cook pay booking fees.  Or any other inmate.  It has no paying work release at this facility, Southwestern Regional Jail.

(Amended complaint, # 9, at 2.)  The court interprets this document as alleging that Plaintiff has Dupuytren's contracture, he did not receive treatment of it when he was housed at Huttonsville Correctional Center, and as a result of his lack of treatment, he is losing feeling in his hand, particularly his finger.

Dupuytren's contracture is a "progressive contracture of the palmar fascial bands, producing flexion deformities of the fingers."  The Merck Manual, 17th ed., at 491.

> Dupuytren's contracture is common; the incidence is higher in men and increases after age 45.  This autosomal dominant condition with variable penetrance occurs more commonly in patients with diabetes, alcoholism, or epilepsy. * * *

Id.

Plaintiff attached various documents to his amended complaint which include copies of letters which indicate that Plaintiff sought the assistance of Senator John D. Rockefeller IV prior to June 3, 2005, with respect to his hand and finger ailment (# 9-2, at 10).  The other documents submitted by Plaintiff indicate that

2

he has repeatedly complained, over a period of years, about the lack of treatment for his hand and finger.

Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. A case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 1964-65.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court construes such complaints liberally. It appears to the court that the statute of limitations expired before Plaintiff filed his complaint. It is well-settled that in West Virginia, the statute of limitations for a civil rights claim is two years. Plaintiff has known about his condition for more than two years prior to his filing the complaint. The court notes that Ground (1) of his complaint indicates that

Plaintiff is satisfied with his medical treatment, while ground (2) indicates that he did not receive treatment.  Based on the other documents reviewed, the court assumes that Plaintiff is not satisfied with his medical treatment.

Grounds (3) and (4) relate to conditions of confinement which do not state a claim for a violation of a constitutional right, as required by 42 U.S.C. § 1983.

Plaintiff repeatedly requests appointment of counsel to assist him, which the court has declined.  The court notes that Plaintiff states that he is an epileptic patient (# 10, at 2), that he has been adjudicated incompetent (# 12), and that he has been treated for a fall which occurred when he was being transported (# 10, at 2).

Based on the foregoing, the undersigned proposes that the presiding District Judge **FIND** that the amended complaint fails to state a claim upon which relief can be granted.  It is respectfully **RECOMMENDED** that Plaintiff's Application to Proceed without Prepayment of Fees and Costs (# 1) be denied, and that this action be dismissed with prejudice.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of

Civil Procedure, Plaintiff shall have ten days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

   September 17, 2008                                Mary E. Stanley
        Date                                          Mary E. Stanley
                                                  United States Magistrate Judge